J. A17040/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
           v.                 :
                                        :
VICTOR LESEAN SIMMONS,      :          No. 800 EDA 2019
                                        :
           Appellant     :

Appeal from the Judgment of Sentence Entered March 4, 2019,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007266-2016

BEFORE:  BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:      **FILED JULY 31, 2020**

Victor Lesean Simmons appeals ***pro se*** from the March 4, 2019 judgment of sentence of 120 to 240 months' imprisonment imposed after a jury found him guilty of robbery.[1]  After careful review, we affirm the judgment of sentence.

The extensive factual history of this case was summarized by the trial court in its August 2, 2019 opinion and need not be reiterated here.  (***See*** trial court opinion, 8/2/19 at 2-8.)  The relevant procedural history of this case, as gleaned from the certified record, is as follows:  On December 14, 2016, appellant was charged with robbery, terroristic threats, and related offenses in connection with his November 2016 robbery of a Wells Fargo Bank in

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

Delaware County, Pennsylvania. On January 23, 2017, Robert A. Turco, Esq. was appointed to represent appellant, but appellant ultimately elected to represent himself following a colloquy and Attorney Turco acted as standby counsel. (**See** notes of testimony, 1/8/19 at 15-30.) Following a three-day jury trial, appellant was found guilty of one count of robbery.[2] As noted, the trial court sentenced appellant to 120 to 240 months' imprisonment on March 4, 2019. This timely appeal followed.[3]

Preliminarily, we note that appellant's **pro se** brief to this court fails to set forth a specific statement of the questions involved, in violation of Pa.R.A.P. 2111(a)(4). Appellant's failure to include a statement of the questions involved is particularly troubling as this requirement defines the specific issues this court is being asked to review. **See** Pa.R.A.P. 2116(a) (stating, **inter alia**, that "the statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Nonetheless, as we are able to discern a litany of multi-layered claims from the "Argument" sections of appellant's brief, we decline to dismiss his appeal on this basis. (**See** appellant's brief at 7-29.)

---

[2] All the other remaining charges were withdrawn prior to the commencement of trial.

[3] On April 4, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on April 8, 2019; the trial court filed its Rule 1925(a) opinion on August 2, 2019.

Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that none of appellant's claims warrant relief. The trial court authored a comprehensive, 20-page opinion wherein it discussed all of appellant's claims and concluded that they were without merit. We find that the trial court's conclusions are supported by competent evidence and are clearly free of legal error. Specifically, we agree with the trial court that appellant was not prejudiced after the Commonwealth was permitted to amend the criminal complaint to add the victim's name. (Trial court opinion, 8/2/19 at 10-11.) Likewise, we agree that appellant's contention that the trial court abused its discretion by allowing the Commonwealth to amend the complaint to "fit the Commonwealth['s] case" is baseless. (*Id.* at 16.) We further agree with the trial court that appellant failed to articulate any "meritorious basis" for a continuance to prepare a defense to said amendment. (*Id.* at 11.) Additionally, we agree with the trial court that appellant's claim that the complaint and information were defective "is devoid of factual and legal merit[,]" and this case cannot be quashed on this basis. (*Id.* at 11-14, 16.)

Next, we agree with the trial court that it did not err in denying appellant's motion for arrest of judgment, as there was "overwhelming" evidence to support his conviction for robbery. (*Id.* at 14-15.) We further agree with the trial court that appellant's Pa.R.Crim.P. 600 motion was

properly denied because the record reflects that nearly "all of the delay on the docket is attributable to [a]ppellant." (*Id.* at 15-16.) Additionally, we find that appellant's ineffectiveness claim is not cognizable on direct appeal. Lastly, we agree with the trial court that it did not abuse its discretion by denying appellant's motion to represent himself; that "[t]here is no foundation in the record" for his claim that he did not knowingly and voluntarily waive his preliminary hearing; and that appellant's sentence of 120 to 240 months' imprisonment, based on his status as a second-strike offender, is not illegal. (*Id.* at 17-19.)

Accordingly, we adopt the trial court's comprehensive August 2, 2019 opinion as our own for purposes of this appellate review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/20